**THE BURLINGTON INSURANCE CO., Plaintiffs,**

v.

**VALENCIA CO., Defendant.**

**CIV.A. No. 1:00CV780.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 1, 2001.

V. Paige Pace, Pace & Goldston, Dallas, TX, for Plaintiff.

Scot G. Doyen, Silsbee, TX, for Defendant.

**ORDER**

COBB, District Judge.

Before the court is Defendant's Motions to Dismiss for Lack of Subject Matter Jurisdiction [7–1], to Dismiss Due to Improper Service [7–2] and to Dismiss Due to Improper Venue [7–3]. All were filed in one pleading entered August 17, 2000. The court having reviewed the motions and responses on file is of the opinion that the motions be DENIED.

This action was originally and erroneously brought in the Sherman Division of this District under case number 4:00CV227. On October 25, 2000, the action was transferred to the Beaumont Division pursuant to Defendant's Motion to Transfer Venue [7–4], which was pleaded in the alternative to his Motion to Dismiss Due to Improper Venue [7–3].

On that basis, that portion of the motion docketed as [7–3] is DENIED since the alternative was granted. The remaining two motions were not addressed in the order entered by the Sherman Division.

Defendant Valencia is the defendant in another suit styled *Day Forest Management & Appraisal, Inc. v. Arnoldo Valencia, Individually and d/b/a Valencia Co., Craven Ins. Co.*, Cause No. 17072, Tyler County, Texas Judicial District Court. Plaintiff Burlington brings this action to determine whether it has a duty to defend or indemnify Valencia in the underlying state court case.

■ Plaintiff Burlington is a North Carolina corporation and therefore a citizen of that state. Defendant Valencia is a citizen of the state of Texas. However, Defendant Valencia asserts this Court has no subject matter jurisdiction over the cause of action because diversity would be destroyed by the inclusion of Valencia's co-defendant in the underlying state court suit. That co-defendant, Cravens Insurance Agency, Inc. ("Cravens"), which allegedly acted as an agent in procuring the insurance policy which is the subject of the suit. Cravens is a Texas entity and Valencia asserts Cravens must be joined in this suit for complete adjudication, which he says would destroy complete diversity. However, Valencia fails to show any reason why Cravens would be indispensable to this case and fails to indicate in what capacity he believes Cravens must be joined.

■ As Plaintiff Burlington points out, Fed.R.Civ.P. 19(b) does not require dismissal of a suit if a potential party which is not indispensable is not joined. Here, the issue is a declaratory judgment sought by Burlington as to the contractual obligation between Burlington and Valencia. Cravens is not indispensable to that determination, whatever other liability Cravens may or may not have in its own dealings with Valencia.

■ Defendant Valencia also complains that the action brought by Plaintiff Burlington does not achieve the jurisdictional amount in controversy between the two since the terms of the insurance contract between them is $50,000 instead of at least $75,000, which is the jurisdictional limit. However, Burlington asserts that the amount in controversy between the two exceeds $75,000 when taking into account Valencia's original demand for indemnity in the underlying state action, in which Valencia claimed remedies available under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, including but not limited to, claims for attorney's fees and costs. Burlington cites *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250 (5th Cir.1998) for the proposition that such costs and potential statutory remedies under the Texas Deceptive Trade Practices Act and Texas Insurance Code (which provide for treble damages) may be considered in determining whether or not the amount in controversy in an action will reasonably meet the jurisdictional minimums. This Court agrees. The amount of indemnification, costs, and potential statutory remedies in the state action could reasonably meet the $75,000 jurisdictional minimum of a federal diversity action.

Therefore, this Court has subject matter jurisdiction over this action as a matter of diversity and the Motion to Dismiss for Lack of Subject Matter Jurisdiction [7–1] is DENIED.

Defendant Valencia finally complains that the action should be dismissed due to improper service of process under Fed.R.Civ.P. 12(b)(4). Counsel for the defendant states that service of process was never personally made on the defendant, but instead was delivered to counsel in the plaintiff's belief that counsel would act as agent for the defendant. Counsel states that he was not an authorized representative to accept such service, which rendered service insufficient, citing *U.S. v. 51 Pieces of Real Prop.*, 17 F.3d 1306 (10th Cir.1994). In *51 Pieces of Real Prop.*, the Tenth Circuit overruled an in-rem arrest order of land by the U.S. District Court for the District of Colorado. Service of process on the land in New Mexico was insufficient because the statute under which the court proceeded did not permit such service nationwide. What that has to do with whether it is reasonable to expect that counsel for a party is authorized to accept service of process is unclear. However, this Court will accept counsel's argument since Plaintiff Burlington

agreed to cure the alleged defective service within the 120 days permitted for such service after filing a complaint under Fed. R.Civ.P. 4(m). Counsel for plaintiff did so with notice of filing return of service entered on the docket on September 14, 2000, eighty-seven days after filing the initial complaint on June 19, 2000.

If Defendant Valencia desires to take further issue on the subject of sufficiency of service, it may enter a new motion. Defendant's Motion to Dismiss Due to Improper Service [7–2] is DENIED.

It is therefore ORDERED that Defendant's Motions to Dismiss under docket number 7–1, 7–2 and 7–3 are hereby DENIED.